Johnston, Ch.,
delivered the opinion of the Court.
Every member of this Court is perfectly satisfied with the finding of the jury upon the issue ordered. Indeed, two of us were of opinion, so long ago as when the case was before the Court of Errors, that the delivery of the deed was sustained by the proof, and should have been decreed. We were still more satisfied when the Chancellor’s decree of July, 1848, came before us: and the ordering of the issue was reluctantly consented to by one of the two, only to avoid the necessity of carrying a mere matter of fact before the Court of Errors.
*123 It is, therefore, matter of infinite regret, that after all the cost to which the parties have been put by these proceedings, we are prevented, by a mere technical difficulty, from decidingv a point upon which we are entirely free from doubt; and are again compelled to send it to the Circuit Court.
We are of opinion the motion for a new trial cannot, in this case, (as it is situated,) be heard in this Court.
In Ellerbe v. Ellerbe, the Court of Appeals retained the decree appealed from, and ordered an issue upon some of the facts involved in the case. In that case the verdict was returned to that Court, and the motion for a new trial was made before it: and this process was repeated as often as four or five times, until the Court became satisfied upon the facts which were the subjects-of investigation.
In other instances, where the issue was ordered by the Circuit Court, the return has been made to the Court from which it emanated: and the motion for new trial has been heard there.
The general rule is, therefore, that an issue shall be returned to the Court which orders it; and all objections to the finding must be made in the same Court.
But in all the cases to which I have referred, the Court, whether circuit or appellate, has retained the judgment until the issue was disposed of. In this case, however, by inadvertence, this Court, instead of retaining the decree appealed from, until the issue was returned, and then affirming or altering the decree according to the impressions produced by the verdict, reversed, and thereby entirely annihilated that decree; so that there is nothing now before us upon which to exercise appellate jurisdiction.
There is now no circuit decree: and we are compelled to send the verdict to the Circuit Court, in order that one may be made upon it.
The circuit decree of July, 1848, is entirely satisfactory to us, and would be now affirmed, if it had not been formally reversed; but we are, by this mere technical difficulty, forced to remand the case, with the evidence now taken, and the verdict, to the Circuit Court, that it may hear the motion for new trial; and, if that should be refused; give a decree on the case as it now stands.
And it is so ordered.
Dargan, Ch., concurred.